IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SALLY KAMMERER and KARL KAMMERER, | ) ) ) | |
| Plaintiffs, | ) ) | 8:04CV196 |
| vs. | ) ) | ORDER |
| WYETH and WYETH PHARMACEUTICALS, | ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on the defendants' Motion to Compel the Seven-Hour Deposition of Dr. Graham Colditz (Filing No. 120). The defendants filed a brief (Filing No. 121) and an index of evidence (Filing No. 122) in support of the motion. The plaintiffs filed a brief (Filing No. 132) and an index of evidence (Filing No. 133) in opposition to the motion. The defendants filed a brief (Filing No. 147) and an index of evidence (Filing No. 148) in reply. The defendants requested that the court hear oral argument on the motion, however the court finds oral argument unnecessary. See NECivR 7.0.1(d).

## BACKGROUND

This case arises from the plaintiffs' allegations that prescription medications manufactured by the defendants caused the plaintiff Sally Kammerer to have breast cancer. See Filing No. 1 - Complaint. In September of 2004, this case was transferred to the Eastern District of Arkansas to be combined with other cases for hormone therapy (HT) multi-district litigation (MDL). See Filing No. 13. In April 2010, the matter was remanded back to this district for resolution. See Filing No. 19. The court scheduled deadlines for the parties to file dispositive motions and motions to exclude expert testimony, which motions the parties have filed. Additionally, the court set the discovery deadline for August 1, 2011, and trial for November 14, 2011. See Filing No. 37.

On January 7, 2011, the plaintiffs designated Dr. Graham Colditz as a general causation expert in this case, identifying his December 2005 and February 2006 expert reports as summaries of his opinions. See Filing No. 122 - Ex. 2 Leckman Letter. On April

18, 2011, the plaintiffs provided the defendants with an Amended Report and Declaration for Dr. Graham Colditz, dated April 7, 2011, in which Dr. Colditz provides opinions regarding HER2-positive and progesterone receptor-negative (PR-) breast cancer.  *Id.* Ex. 3 Leckman Letter.  The defendants state they have not had the opportunity to depose Dr. Colditz about the April 7, 2011, opinions regarding, for example, an HER2-positive causation theory.  **See** Filing No. 121 - Brief p. 2.  Moreover, the defendants argue these new opinions form the basis of the plaintiffs' opposition to two of the defendants' motions *in limine*.  *Id.* at 3-4.  Finally, the defendants contend Dr. Colditz has not been deposed, either in this case or in the MDL, about his new report and the complex scientific opinions it contains.  *Id.* at 4-5.  For these reasons, the defendants assert two hours, the maximum time assented to by the plaintiffs, is insufficient for Dr. Colditz's deposition.  *Id.* at 5-6. Accordingly, the defendants seek an order compelling production of Dr. Colditz for a seven-hour deposition.  *Id.* at 6.

The plaintiffs rely on a 2006 written agreement between the parties limiting expert witness deposition to two hours when the expert was previously deposed as part of the MDL matters.  **See** Filing No. 132 - Brief p. 1-2 (**citing** Filing No. 133 - Ex. 1 Agreement). Additionally, the plaintiffs argue the defendants have had ample opportunity to question Dr. Colditz during depositions in May 2006 and December 2006, and during multiple trials. **See** Filing No. 132 - Brief p. 3.  The plaintiffs contend the opinions raised by Dr. Colditz are not new to HT litigation, indicating the defendants cannot show prejudice when they previously failed to ask Dr. Colditz questions about the HER2-positive causation theory. *Id.* at 4.  Finally, the plaintiffs argue the defendants should first conduct a two-hour deposition before seeking additional time.  *Id.* at 4-5.

The defendants agree that HER2-positive causation theory opinions are not new to HT litigation, but note Dr. Colditz has not previously offered opinions in this area until now. **See** Filing No. 147 - Reply p. 1-2.  Further, the defendants argue that the 2006 agreement limiting deposition time expressly limits expert witnesses who are designated as offering case-specific opinions to two hour depositions, but allows longer depositions for expert witnesses who are designated for the first time.  *Id.* at 2.  The defendants assert Dr. Colditz has not been designated as offering case-specific opinions and his general opinions are

newly disclosed. *Id.* at 2-3. The defendants explain that "exploration and resolution of the HER2 and PR- issues require methodical questioning and attention to detail. . . . [and the defendants are] trying to evaluate Dr. Colditz's new HER2 and PR- opinions . . . to determine whether they are based upon reliable data and a rigorous methodology." *Id.* at 3.

## ANALYSIS

Parties may discover any relevant, unprivileged information that is admissible at trial or is reasonably calculated to lead to admissible evidence. **See** Fed. R. Civ. P. 26(b)(1). Once the requesting party meets the threshold relevance burden, generally "[a]ll discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden." *Continental Ill. Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 684-85 (D. Kan. 1991) (citation omitted). Therefore, the party opposing discovery has the burden of showing its objections are valid by providing specific explanations or factual support as to how such discovery is improper. *St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 511-12 (N.D. Iowa 2000) (objecting party has the burden to substantiate its objections). In any event, "[t]he District Court does have discretion to limit the scope of discovery." *Credit Lyonnais v. SGC Int'l, Inc.*, 160 F.3d 428, 431 (8th Cir. 1998); **see** Fed. R. Civ. P. 26(b)(2). The defendants have met their burden of showing the requested deposition is relevant to the plaintiffs' claims and the plaintiffs do not dispute the relevance of the requested testimony.

Depositions are governed by Federal Rule of Civil Procedure 30. Pursuant to Rule 30:

> Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.

Fed. R. Civ. P. 30(a)(1).

The plaintiffs argue the defendants should be limited to a two-hour deposition based on the parties' previous agreement. The defendants contend a seven-hour deposition is warranted to fairly examine the deponent because of the subject matter and circumstances and because the two-hour agreement limit does not apply to this particular deponent. The court finds the parties' 2006 agreement does not apply to Dr. Colditz's HER2 and PR-opinions. The court also finds the defendants have made a particular and specific demonstration of fact regarding the need for the length of the deposition sought. Furthermore, the defendants have shown they are subject to specific prejudice or harm if the deposition time is limited to two hours. By contrast, the plaintiffs fail to show any harm by allowing a deposition of additional time.

Moreover, the plaintiffs have not shown justification for limiting the deposition under Fed. R. Civ. P. 26(b)(2)(C). Under the rules for any discovery in a civil matter, and for depositions, in particular, the court may further limit discovery if it determines:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C); **see also** Fed. R. Civ. P. 30(a)(2) and (d)(2).

The court finds, based on balancing the parties' competing interests in this matter, the defendants may depose Dr. Colditz for seven hours. The deposition may be rescheduled at the convenience of the parties and the deponent to occur on or before September 9, 2011. Upon consideration,

**IT IS ORDERED:**

The defendants' Motion to Compel the Seven-Hour Deposition of Dr. Graham Colditz (Filing No. 120) is granted.

2.  The deposition may be rescheduled at the convenience of the parties and the deponent to occur **on or before September 9, 2011**, for a limited duration **not to exceed seven hours**.

DATED this 5th day of August, 2011.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.