IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SALLY KAMMERER and KARL KAMMERER, | ) ) ) | |
| Plaintiffs, | ) ) | 8:04CV196 |
| v. | ) ) ) | |
| WYETH and WYETH PHARMACEUTICALS, | ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) ) ) | |

This matter is before the court on the defendants' motions in limine Filing Nos. 189, 192, 195, 198, 215, 222, 225, 228, 231, 234, 237, and 240, and on the plaintiffs' motions in limine, Filing Nos. 201, 203, 205, 209, 211, 213, 216, 217, and 249.

Although the motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings, performing a gate-keeping function and sharpening the focus for later trial proceedings, some evidentiary submissions, cannot be evaluated accurately or sufficiently by the trial judge in such a procedural environment. *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine is appropriate for "evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissable for any purpose." *Id.* In other instances, it is necessary to defer ruling until during trial, when the trial judge can better estimate the impact of the evidence on the jury. *Id.* To the extent that a party challenges the probative value of the evidence, an attack upon the probative sufficiency of evidence relates not to admissibility but to the weight of the evidence and is

a matter for the trier of fact to resolve. *United States v. Beasley,* 102 F.3d 1440, 1451 (8th Cir. 1996).

The court is unable to evaluate the relevance of some of the challenged evidence in the context of a pretrial motion. The parties' concerns may warrant a cautionary or limiting instruction, but the court cannot determine the ambit of such an instruction at this time. The court will admit the evidence at issue only on a showing that it is relevant to the issues in the case, and only to the extent that the relevance of the evidence outweighs its potential to cause prejudice or confusion under Fed. R. Evid. 403. The court finds many of the motions can be adequately resolved at trial, either in a hearing immediately prior to commencement of the trial, as an objection with a sidebar, or with a review of the evidence outside the presence of the jury. Accordingly, the court finds as follows:

I. **DEFENDANTS' PENDING MOTIONS**:

**Filing No. 189** **(Defendants' Motion in Limine No. 1): to Exclude Marketing Evidence That Has No Nexus to Plaintiff or Her Prescribers**

The court finds this motion should be overruled at this time, without prejudice to its reassertion via timely objection to the admissibility of such evidence at trial. The evidence appears to be relevant to the plaintiff's theories regarding the duty of care and to causation.

**Filing No. 192** **(Defendants' Motion in Limine No. 2) to Bar Argument and Evidence about Alleged "Ghostwriting"**

The court finds there is no basis to exclude evidence of Wyeth-supported, ghostwritten literature that was relied upon by experts in this case. Further, there is evidence that the plaintiff's physicians also relied on the literature. Accordingly, the court finds the motion should be overruled.

**Filing No. 195 (Defendants' Motion in Limine No. 3): to Bar Argument and Evidence about the History and Events Leading to Wyeth's Inclusion of an Endometrial Cancer Warning in the Premarin Label**

The court finds the motion should be overruled at this time, without prejudice to reassertion. *See* [Scroggin v. Wyeth, 586 F.3d 547, 554–55 (8th Cir. 2009)](), *cert. denied*, 130 S. Ct. 3467 (March 4, 2009). The evidence of a link between hormone therapy and endometrial cancer is historical backdrop and may be relevant to the issues of duty of care and notice.

**Filing No. 198 (Defendants' Motion in Limine No. 4): to Bar Testimony and Call Notes of Wyeth Sales Representatives Who Did Not Call on Plaintiff's Prescribers**

The court finds the motion should be sustained in part. Evidence of Wyeth's communications to physicians in general appears relevant to the issues of duty and proximate causation. The plaintiff's prescribing physicians have testified that they were briefed by Wyeth representatives. However, call notes for specific calls other than those to the plaintiff's prescribers are not relevant.

**Filing No. 215 (Defendants' Motion in Limine No. 5) to Exclude "Causality Assessments"**

The court finds this motion should be overruled. Internal causality assessments may be relevant to issues of notice.

**Filing No. 222 (Defendants' Motion in Limine No. 7): to Exclude Evidence of Other Hormone Therapy Claims**

The court finds this motion should be denied as moot. The plaintiffs agree that both sides should be precluded from presenting the results of other hormone therapy cases. Testimony with respect to expert compensation or presented in rebuttal may be permitted on a proper showing of foundation and relevance.

**Filing No. 225** (Defendants' Motion in Limine No. 8): to Exclude IMS Data

The court finds this motion should be overruled at this time, without prejudice to reassertion. The evidence appears to be relevant to issues in the case.

**Filing No. 228 (Defendants' Motion in Limine No. 9): to Bar Evidence, Argument, and Expert Opinions Concerning the Number of Women Whose Breast Cancer Was Purportedly Caused by Hormone Therapy**

The court finds the motion should be denied with respect to any epidemiological evidence in peer-reviewed journals that was relied on by the plaintiff's experts. Subject to a proper showing of foundation and relevance, the evidence may be admissible to show general causation and/or negligence.

**Filing No. 231** (Defendants' Motion in Limine No. 10): to Bar Reference to **Warnings that Post-date Plaintiff's Last Prescription for Hormone Therapy**

This motion raises the same issues as the plaintiffs' motion in limine No. 1, Filing No. 201. In addition to challenging the relevance of the evidence, defendants argue that warnings are inadmissible as subsequent remedial measures under Fed. R. Evid. 407. The court is unable to evaluate this evidence in the context of a motion in limine. Accordingly, the court finds the motion should be denied at this time, without prejudice to reassertion at trial.

**Filing No. 234 (Defendants' Motion in Limine No. 11): to Preclude Evidence, Argument, and Testimony That Wyeth Failed to Properly Test**

The court finds this motion should be denied for the reasons stated in the court's ruling on the parties' *Daubert* motions with respect to the testimony of Drs. Blume, Parisian, and Austin. *See* Filing No. 291.

**Filing No. 237 (Defendants' Motion in Limine No. 12): Objecting to Plaintiffs' Use of Expert Witness Trial and Deposition Testimony**

The court is advised that the plaintiffs have withdrawn their designations for Drs. Austin, Bloom, and Maloney. The court is further advised that the testimony of Dr. Colditz is subject to a global agreement that prior deposition testimony is considered preserved for trial. The plaintiffs also advise that Dr. Anderson–Fowler is expected to testify in person, unless she becomes unavailable between now and the time of trial. Further, the plaintiffs do not expect to call Drs. Julie Spencer or Timothy Kingston or Ms. Beth Stawniak and the availability or unavailability of those witnesses is not known. The plaintiffs have provisionally withdrawn the designation of those witnesses. Accordingly, the court finds this motion in limine should be denied as moot, without prejudice to reassertion should circumstances change.

**Filing No. 240  (Defendants' Motion in Limine No. 6) (Omnibus Motion) to Preclude the Following at Trial:**

- **Evidence or comment relating to defendants' profit margins**

The court finds this motion should be overruled at this time. The evidence may be relevant to issues of motive, state of mind, and ability to conduct testing. Although punitive damages are not at issue in this case, the evidence may be relevant to issues of reasonableness, negligence and failure to warn.

- **Evidence or comment relating to defendants' wealth**

The court finds the motion should be sustained in part. Wyeth's overall net worth is not relevant because punitive damages are not at issue in this case. The motion is

overruled with respect to individual employee compensation and to compensation of employee experts which is relevant to show motive, bias, and credibility.

- **Evidence of the presence or absence of a corporate representative at trial**

The court finds this motion is premature. Accordingly, the court will deny the motion, without prejudice to reassertion at trial, if necessary.

- **Evidence of alleged "fraud" on the FDA**

The court finds this motion should be overruled at this time. Any evidence that Wyeth may have intentionally or knowingly misled the FDA would be relevant to the issue of the reasonableness of Wyeth's conduct. Although the plaintiffs have not asserted a fraud claim, evidence of fraud may nonetheless be relevant to other issues.

- **Reference to criminal plea agreements**

The court finds this motion should be denied as moot. The plaintiffs represent that they do not anticipate offering of such evidence, unless the defendants open the door by presenting "good acts" or "good character" evidence.

- **Evidence relating to the 2006 Government Accountability Office (GAO) report**

The court finds this motion should be granted at this time, without prejudice to reconsideration. The court will not permit additional expert testimony through this document. However, the document may contain some admissible evidence on a proper showing of foundation and relevance.

- **Testimony from prescribers about "off-label" marketing**

The court finds this motion should be denied at this time, without prejudice to reassertion. The evidence may be relevant to issues of reasonableness.

- **Testimony from Mr. Kammerer regarding heart attacks supposedly caused by the stress of Mrs. Kammerer's breast cancer**

The court finds this motion should be denied as moot. Plaintiffs concede that they will not argue a causal connection between Mr. Kammerer's heart attack and Mrs. Kammerer's breast cancer. Testimony will be permitted to the extent it is relevant to Mr. Kammerer's loss of consortium claim.

## II.  PLAINTIFF'S PENDING MOTIONS:

**Filing No. 201 (Plaintiffs' Motion in Limine No. 1): to Admit Wyeth's Post-2002 Prempro Product Labeling**

As noted above, in connection with defendants' motion in limine No. 10 (Filing No. 231), the court is unable to evaluate this evidence in the context of a motion in limine. Accordingly, the court finds the motion should be denied without prejudice to reassertion at trial.

**Filing No. 203 (Plaintiff's Motion in Limine No. 2):  to Exclude Plaintiff's Alleged "Risk-taking" Behavior, Including Use of Other Prescription Drugs, Over-the-counter Drugs, and past History of Smoking**

The court finds this motion should be denied as moot. The defendants do not anticipate offering evidence of risk-taking behavior.  The court notes that to the extent the evidence is offered in the context of accepting the risk of hormone therapy treatment, it may be admissible on a proper showing of foundation and relevance.

**Filing No. 205  (Plaintiff's Motion in Limine No. 3):  to Exclude Associations Between Other Toxins/agents and Other Conditions Not at Issue in this Case**

The court is unable to evaluate this evidence in the context of a motion in limine. Accordingly, the motion will be denied at this time without prejudice to reassertion at trial.

**Filing No. 249 (Plaintiffs' Motion in Limine No. 4): to Exclude Argument Suggesting That Plaintiff or Her Attorneys Are Responsible for Absence of Plaintiff's September 1998 and March 2000 Mammogram Films**

The court finds this motion should be granted. The defendants do not oppose this motion.

**Filing No. 209 (Plaintiffs' Motion in Limine No. 5): to Exclude Anecdotal Evidence or Argument as to Personal Experiences of Wyeth's Employees, Lawyers, or Family Members of Lawyers or Employees**

The court is unable to evaluate this evidence in the context of a motion in limine. The motion is denied without prejudice to reassertion.

**Filing No. 211 (Plaintiffs' Motion in Limine No. 6): to Bar Argument That FDA Regulations Forbid or Foreclosed Stronger Product Warnings**

The court is unable to evaluate this evidence in the context of a motion in limine. The motion is denied without prejudice to reassertion.

**Filing No. 213 (Plaintiffs' Motion in Limine No. 7): to bar evidence of Wyeth's "good acts"**

The court finds this motion should be granted. The defendants are not opposed to the motion.

**Filing No. 216 (Plaintiffs' Motion in Limine No. 8): to Exclude Argument Relating to or Alleging Plaintiffs' Lawyers' Involvement or Influence**

This motion is essentially unopposed. The court finds the motion should be granted, except as necessary for credibility or impeachment.

**Filing No. 217 (Plaintiffs' Motion in Limine No. 9): to Bar Any Argument That a Verdict Against Wyeth Would Negatively Impact Public Health or Wyeth's Drug Research**.

The court finds this motion should be granted. The defendants are not opposed.

**Filing No. 249 - to Exclude Argument Suggesting That Plaintiff or Her Attorneys Are Responsible for the Absence of Plaintiff's September 1998 and March 2000 Mammogram Films**

The defendants are not opposed to exclusion of this evidence. Accordingly, the court finds the motion should be granted.

IT IS HEREBY ORDERED:

1. The defendants' motions in limine (Filing Nos. 189, 192, 195, 198, 215, 222, 225, 228, 231, 234, 237, and 240) are granted in part and denied in part as set forth in this Memorandum and Order.

2. The plaintiffs' motions in limine (Filing Nos. 201, 203, 205, 209, 211, 213, 216, 217, and 249) are granted in part and denied in part as set forth in this order.

DATED this 31st day of January, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
U.S. District Court Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.